CHAGARES, Circuit Judge,
concurring in part and dissenting in part.
While I concur with my learned colleagues that the District Court had jurisdiction to review a denial of naturalization while removal proceedings were pending and that the District Court properly granted summary judgment in favor of the Secretary, I respectfully disagree with the majority insofar as it determined that Gonzalez could have received declaratory relief had he proven his case on the merits.
I believe it is unnecessary and perhaps problematic for the Court to decide this thorny issue for several reasons. First, we conclude (as did the District Court) that Gonzalez’s claims fail on the merits, so there is no need to opine about relief that might have been available to him had he succeeded. See Scheidler v. Nat’l Org. for Women Inc., 537 U.S. 393, 123 S.Ct. 1057, 154 L.Ed.2d 991 (2003) (declining to reach the issue of the availability of private injunctive relief under 18 U.S.C. § 1964(c) where there was no underlying violation of the RICO statute); Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc., 171 F.3d 912, 935 n. 20 (3d Cir.1999) (same); see generally 13 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3531.3 (3d ed.2008) (noting “our tradition that unnecessary judicial decisions should be avoided”). Second, Gonzalez never specifically requested declaratory relief and, of course, the District Court never granted him declaratory relief.
*265 Third, the parties did not brief this issue on appeal, so I believe we should avoid resolving the issue. See United States v. McKie, 78 F.3d 1149, 1155 (D.C.Cir.1996) (noting “the parties did not brief the issue and we generally hesitate to decide non-jurisdictional questions without briefing”); see also Bd. of Trs. v. Garrett, 531 U.S. 356, 360 n. 1, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) (declining to decide whether employment discrimination claims can be brought under Title II of the Americans With Disabilities Act “when the parties have not favored us briefing on the statutory question”); NLRB v. Washington Heights-W. Harlem-Inwood Mental Health Council, Inc., 897 F.2d 1238, 1248 (2d Cir.1990) (declining to resolve an issue “because the parties did not brief this issue and because its resolution is not necessary to our holding today”). Fourth, and as the majority acknowledges, our decision in this regard is contrary to that reached by three of our sister Courts of Appeals and, as a result, creates a split in authority. See generally 13 Wright, Miller, & Cooper, supra, § 3531.3 (“The concern that unnecessary decisions be avoided has its most important justification in the prospect that unnecessary decisions may be wrong decisions.”).
For these reasons, I would avoid reaching the issue and would leave the issue to another day when its resolution is necessary and the issue is properly briefed by the parties.